NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GEORGE MICHNOWICZ, | : : : | **Civil Action No. 21-01102 (SRC)** |
| Plaintiff, | : : |  |
| v. | : : | **OPINION & ORDER** |
| GOVERNMENT EMPLOYEES INSURANCE CO., et al., | : : : : |  |
| Defendants. | : : |  |

**CHESLER**, District Judge

      This matter comes before the Court upon Defendant Government Employees Insurance Company's motion to transfer venue. Plaintiff George Michnowicz has not opposed the motion. The Court, having considered Defendant's submissions, proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons discussed below, the Court will grant Defendant's motion to transfer venue by transferring this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

    **I.**    **BACKGROUND**

      This action arises out of a motor vehicle collision that occurred on February 5, 2020 in Pompano Beach, Florida. George Michnowicz ("Plaintiff" or "Michnowicz"), a resident of West Palm Beach, Florida was operating his vehicle when a collision occurred between his vehicle and another vehicle, owned by Robert Nuccel and operated by Barbara Nuccel, who are not parties to this action. The Nuccels are residents of Pompano Beach, Florida. At the time, Plaintiff was insured by Government Employees Insurance Company ("Defendant" or "GEICO"), a Delaware

corporation with its principal place of business in Maryland. After the collision, Plaintiff brought an underinsured motorist claim against GEICO. However, according to Plaintiff, GEICO breached its contractual obligations to Plaintiff by refusing to accept Plaintiff's underinsured motorist claim. Subsequently, on November 6, 2020, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Law Division of Essex County. The action was then removed by Defendant to this Court on January 25, 2021, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Defendant then brought this motion to transfer venue, pursuant to 28 U.S.C. § 1404(a).

## II.  DISCUSSION

28 U.S.C. § 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Generally, a transfer analysis under § 1404(a) calls for a weighing of private and public factors. Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. Of Tx., 571 U.S. 49, 62-63 (2013). In Jumara, the Third Circuit provided a list of factors a district court should normally consider under this test. The private interest factors are:

> [1] [P]laintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995) (internal citations omitted). The public interest factors are:

> [1] [T]he enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies

at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (internal citations omitted).

Here, both the public and private interests at play warrant transfer under § 1404(a). The collision occurred in Florida, none of the witnesses to the collision are based in New Jersey, and neither Plaintiff nor Defendant are citizens of New Jersey. Moreover, Florida has a public interest in handling controversies that occurred on its land and Florida law governs the case, as this action is one of diversity jurisdiction. Moreover, while Plaintiff initially demonstrated a preference for New Jersey as the venue by filing its Complaint in New Jersey state court, it has not opposed Defendant's motion to transfer venue. Therefore, based on the factors relevant to a decision to transfer under § 1404(a), this Court concludes, in its discretion, that a transfer of this action to the Southern District of Florida would promote the convenience of the parties and serve the interests of justice. Thus, Defendant has demonstrated that a transfer pursuant to 28 U.S.C. § 1404(a) is warranted.

### III. ORDER

For the foregoing reasons, it is **SO ORDERED** that Defendant's motion to transfer venue [ECF 10] is **GRANTED**; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), this action be and hereby is **TRANSFERRED** to the United States District Court for the Southern District of Florida.

                                                                s/ Stanley R. Chesler
                                                            STANLEY R. CHESLER
                                                            United States District Judge

Dated: August 12, 2021